IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                                                                       CIVIL NO. L-01-4198

LLOYD DARLAND, et al.

MEMORANDUM

The United States brought this action pursuant to 26 U.S.C. §§ 7401 and 7403 against Lloyd Darland and Lois Darland, seeking to reduce to judgment federal income tax assessments issued against each defendant for tax years 1986, 1987, and 1988. Now pending are Lloyd Darland's Motion to Dismiss Complaint and the United States' Motion for Summary Judgment against Lloyd Darland. The motions have been fully briefed, and a hearing is not necessary. See Local Rule 105.6 (D. Md. 2001). For the reasons stated below, the Court will, by separate order, deny Lloyd Darland's Motion to Dismiss Complaint; grant the United States' Motion for Summary Judgment as to Lloyd Darland's liability for income taxes for 1986, 1987, and 1988; and administratively close the United States' Motion for Summary Judgment as to the amount of judgment that the Court will enter in favor of the United States, subject to reopening after the United States provides further information to the Court.

I.   **Background**

The United States is seeking to reduce to judgment federal income tax assessments issued

against Lloyd Darland ("Defendant") for 1986, 1987, and 1988.[1] The record reflects that in November 2001, Defendant filed tax returns for 1986, 1987, and 1988. (See Pl.'s Exs. H-J. Although Defendant stated in the attachments to his returns that he received business income, pensions, and annuities, he claimed that federal law does not impose a tax on that income because he is a United States citizen and the income was derived from sources within the United States. (See id.) Defendant, therefore, claimed that he did not owe any federal taxes for the three years in question. (See id.)

In support of its Motion for Summary Judgment, the United States submitted Certificates of Assessments and Payments prepared by the Internal Revenue Service ("IRS") for each of the three tax years in question. Each certificate sets forth the tax, interest, penalties, and costs assessed against Defendant, as well as any payments or credits. The certificates show that Defendant's unpaid federal tax liabilities, as of September 26, 2001, are $33,847.95 for 1986, $42,729.31 for 1987, and $29,753.52 for 1988. (See Pl.'s Exs. B-D.)

The United States submitted the Declaration of David Schoettinger, a technical support advisor with the IRS, in further support of its motion. (See Pl.'s Ex. G.) In his declaration, Mr. Schoettinger states that as of April 10, 2002, Defendant owed $104,410.33 for 1986, $105,536.79 for 1987, and $74,234.82 for 1988, for a total amount due of $284,181.94. (See id. ¶ 5.) The United States asks the Court to enter judgment in its favor and against Defendant in the amount of $284,181.94, plus

---

[1]This is not the first time that Defendant has appeared before this Court in connection with his failure to pay federal income tax. In 1999, Defendant pled guilty in this Court to willfully attempting to evade and defeat the payment of his federal income taxes for a period of 12 years, including the tax years 1986, 1987, and 1988 that are at issue in this action. (See Pl.'s Ex. A.) In his plea agreement, Defendant specifically acknowledged that he received income during those years. (See id.)

2

interest accruing thereon from April 10, 2002. (See Pl.'s Mem. Supp. Summ. J. at 6-7.)

Defendant, who is proceeding *pro se* in this matter, has moved to dismiss the United States' complaint on the grounds that he received notification that his income tax returns had been sent to the IRS District Office in Baltimore for examination; that he has not received any notification that the examination was completed, nor any request for further information; and that it is, therefore, inappropriate to "press collection on the fictitious numbers (not signed under the penalty of perjury) being considered by the IRS." (See Def.'s Mot. Dismiss Compl.) In his opposition to the United States' Motion for Summary Judgment, Defendant raises the same arguments that he made in his motion to dismiss, in addition to the following: (1) Mr. Schoettinger's declaration is the only exhibit submitted by the United States that is signed under penalty of perjury, it includes computer generated numbers, and it is not dated; (2) the United States' motion is based on computer printouts that are hearsay because they were not signed under penalty of perjury; and (3) Defendant's tax returns for 1986, 1987, and 1988 are not frivolous. Defendant attached to his opposition various exhibits that he argues support his position that federal law does not impose a tax on his business income, pensions, and annuities.

II.     **Standard for Summary Judgment**

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an

3

affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial) Nevertheless, in determining whether there is a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

### III.   Analysis

#### A.   Defendant's Motion to Dismiss

In November 2001, Defendant submitted tax returns for 1986, 1987, and 1988. The IRS notified Defendant that the returns were sent to the Baltimore District Office for examination. Defendant argues that it is, therefore, inappropriate to "press collection" of the taxes owed based on numbers "being considered by the IRS."

As discussed in more detail below, the Court finds that Defendant's 1986, 1987, and 1988 returns are frivolous. His argument that he does not have to pay taxes is contrary to the law. The Court, therefore, agrees with the United States that even if the returns are currently under review or examination by the IRS, the returns provide no basis for the IRS to reconsider the tax assessments issued against Defendant for 1986, 1987, and 1988. The Court will therefore deny Defendant's Motion to Dismiss.

#### B.   United States' Motion for Summary Judgment

The United States has submitted Certificates of Assessments and Payments showing that Defendant's unpaid federal tax liabilities, as of September 26, 2001, are $33,847.95 for 1986, $42,729.31 for 1987, and $29,753.52 for 1988. (See Pl.'s Exs. B-D.) Each Certificate of Assessments and Payments is signed by an IRS officer who certified that the document is a true and

4

complete transcript for the period stated, and that "all assessments, abatements, credits, refunds, and advance or unidentified payments, and the assessed balance relating thereto, as disclosed by the records of this office as of the account status date are shown therein." (See id.) Defendant argues that the Court should not consider the Certificates of Assessments and Payments because they are not signed under penalty of perjury and, therefore, constitute hearsay.

Certificates of assessments and payments, however, are excepted from the hearsay rule pursuant to the public records exception in Rule 803(8) of the Federal Rules of Evidence. See Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir. 1991). Furthermore, courts have routinely held that a certificate of assessments and payments that is "signed by an IRS officer certifying that it is a true transcript of all the assessments, penalties, interest, and payments on record for the defendant" is presumptive proof of a valid assessment.[2] The Court, therefore, rejects Defendant's argument and will consider the Certificates of Assessments and Payments submitted by the United States.

Once the certificates have been accepted, the burden shifts to Defendant to offer evidence that they are incorrect. See Brobeck, 1994 WL 150084, at *3 ("[The] rebuttable presumption that the tax

---

[2] United States v. Dixon, 672 F. Supp. 503, 505-06 (M.D. Ala. 1987), aff'd, 849 F.2d 1478 (11th Cir. 1988); see also Geiselman v. United States, 961 F.2d 1, 6 (1st Cir. 1992) (stating that certificates of assessments and payments are "routinely used to prove that tax assessment has in fact been made" and are "presumptive proof of a valid assessment" (citations omitted)); United States of America v. Reamer, 1999 WL 594700, *1 (D. Md. June 30, 1999) ("Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made." (quoting Gentry v. United States, 962 F.2d 555, 557 (6th Cir. 1992) (citations omitted))), aff'd, 208 F.3d 211 (4th Cir. 2000); United States v. Brobeck, 1994 WL 150084, *3 (W.D. Pa. Jan. 12, 1994) (stating that certificates of assessments and payments are "presumptive proof not only that valid assessments were made and that the notice and demands were sent to the taxpayer, but also of the amount of the taxpayer's unpaid tax deficiency" (citations omitted)).

assessment is correct shifts the burden of proof to the taxpayer to offer countervailing proof that it was incorrect."). Defendant, however, has failed to produce any evidence that would permit a factfinder to determine that the assessments are inaccurate. Rather, he argues that federal law does not impose a tax on the income of citizens of the United States that is derived from sources within the United States. (See Def.'s Opp'n to Pl.'s Mem. Supp. Summ. J. and accompanying exhibits; Pl.'s Exs. H-J.) Defendant's argument is generally known as the "Section 861 argument" or the "U.S. Sources argument" because it is based on a flawed, frivolous, self-serving, and illogical interpretation of the source rules found in 26 U.S.C. §§ 861 - 865 and the accompanying regulations. (See Def.'s Opp'n to Pl.'s Mem. Supp. Summ. J. and accompanying exhibits; Pl.'s Exs. H-J.)

Section 61 of the Internal Revenue Code provides that "gross income means all income from whatever source derived, including    (2) Gross income derived from business;    (9) Annuities; and (11) Pensions." 26 U.S.C. § 61(a). Defendant argues that "gross income" under Section 61 is limited by the "Source Rules and Other General Rules Relating to Foreign Income" in 26 U.S.C. §§ 861-865 and that because his business income, pensions, and annuities are not items of gross income from any taxable sources listed in the regulations implementing Sections 861-865, they are excluded from the definition of "gross income." (See Def.'s Opp'n to Pl.'s Mem. Supp. Summ. J. and accompanying exhibits; Pl.'s Exs. H-J.

Courts have routinely rejected the "Section 861 argument." See, e.g., United States v. Bell, 238 F. Supp. 2d 696, 700-01 (M.D. Pa. 2003) (stating that the argument "rests purely on semantics and takes the regulations promulgated under section 861 out of context," and that "[t]o suggest that these regulations create an exemption for domestic wages of U.S. citizens is irresponsible and frivolous

6

advocacy")[3]; Loofbourrow v. Comm'r of Internal Revenue, 208 F. Supp. 2d 698, 710 (S.D. Tex. 2002) (stating that plaintiff's argument is misplaced and takes the regulations out of context); Williams v. Comm'r of Internal Revenue, 114 T.C. 136 (U.S. Tax Court 2000) (rejecting argument that petitioner's income is not from any of the sources listed in Section 1.861-8(a) of the Treasury regulations, and is therefore not taxable, and stating that "[p]etitioner's arguments are reminiscent of tax-protester rhetoric that has been universally rejected by this and other courts").

The source rules of Sections 861-865 do not, as Defendant argues, "exclude from U.S taxation income earned by U.S. citizens from sources within the United States." Corcoran v. Commissioner of Internal Revenue, T.C. Memo. 2002-18, 2002 WL 71029 (U.S. Tax Court 2002), aff'd, 2002 WL 31936476 (9th Cir. Nov. 12, 2002). In fact, 26 U.S.C. § 'imposes an income tax on the income of every individual who is a citizen or resident of the United States," and Section 61 defines "gross income" as "all income from whatever source derived," and includes Defendant's business income, pensions, and annuities. See 26 U.S.C. § 61(a); 26 C.F.R. § 1.1-1(a)(1). In rejecting Defendant's "Section 861 argument," the Court will not "painstakingly address [Defendant's] assertions 'with somber reasoning and copious citation of precedent; to do so might suggest that [his argument has] some colorable merit.'" See Williams, 114 T.C. 136 (citation omitted). Accordingly,

---

[3] Defendant attached to his tax returns various documents that he contends support his "Section 861 argument." Many of these documents reference the National Institute for Taxation Education ("NITE"), and it appears that Defendant received many of the documents from NITE, including from the NITE website. In January 2003, the Middle District of Pennsylvania enjoined the website. In doing so, the court noted that the NITE website promotes the "Section 861 argument" and that enjoining the website from "selling this frivolous tax argument" was necessary for enforcement of the tax revenue laws. Bell, 238 F. Supp. 2d at 701.

the Court will GRANT the United States' Motion for Summary Judgment as to Defendant's liability for income taxes for 1986, 1987, and 1988

### C.  Amount of Judgment

The United States requests the Court to enter judgment in its favor in the amount of $104,410.33 for tax year 1986, $105,536.79 for tax year 1987, and $74,234.82 for tax year 1988 yielding a total judgment of $284,181.94, plus interest accruing thereon from April 10, 2002. (See Pl.'s Mem. Supp. Summ. J. at 6-7.) The United States submitted the Declaration of David Schoettinger to support these amounts. (See Pl.'s Ex. G. In the declaration, Mr. Schoettinger lists the assessments for Defendant's federal income tax, penalties, interest, and costs for tax years 1986, 1987 and 1988 as follows: $55,075.54, $42,729.31, and $29,753.52, respectively. (See id. ¶ 4  These numbers correspond to the total assessments listed in the Certificates of Assessments and Payments for those tax years. (See Pl.'s Exs. B-D.  Mr. Schoettinger then states in his declaration that "[t]here is now due and owing on said assessments, as of April 10, 2002, $104,410.33 for 1986, $105,536.79 for 1987, and $74,234.82 for 1988, for a total amount due of $284,181.94.  (See Pl.'s Ex. G, ¶ 5

The Court needs more information before entering judgment against Defendant in a certain amount.  First, with respect to Defendant's 1986 tax liabilities, although the Certificate of Assessments and Payments for that tax year reflects total assessments in the amount of $55,075.54, it also reflects payments and credits in the total amount of $21,227.59. (See Pl.'s Ex. B  It is unclear whether Mr. Schoettinger has taken those payments and credits into account in reaching a total liability of $104,410.33 for tax year 1986  The United States must clarify this issue for the Court.

Second, Mr. Schoettinger fails to explain how he reaches the total amounts due for each year

8

and what those amounts represent. For example, Mr. Schoettinger states that the total assessments against Defendant for tax year 1987 are $42,729.31. He then states, without further explanation, that as of April 10, 2002, Defendant owes a total of $105,536.79 for that year. Mr. Schoettinger does not explain what the additional $62,807.48 represents. (See Pl.'s Ex. G.) The United States must therefore provide the Court with a worksheet or other document detailing Mr. Schoettinger's calculations as they pertain to each tax year in question.

The Court will ADMINISTRATIVELY CLOSE the United States' Motion for Summary Judgment until the United States provides the additional information to the Court. At that time, the Court will reopen the motion and enter summary judgment in favor of the United States in the appropriate amount.

Dated this 26th day of March, 2003.

_____/s/_____
Benson Everett Legg
Chief Judge